**UNITED STATES of America**

v.

Nicholas **FORLANO** et al., Defendants.

No. 70 Cr. 559.

United States District Court,
S. D. New York.

March 7, 1973.

Whitney North Seymour, Jr., U. S. Atty. by Gerard J. Hinckley, Sp. Atty., Joint Strike Force, and Patrick T. Philbin Sp. Atty., U. S. Dept. of Justice, New York City, for U. S.

Thomas J. O'Brien, New York City, for defendant Forlano.

Arnold E. Wallach, New York City, for defendant Lazarus.

Henry G. Singer, Gillen & O'Brien, Brooklyn, N. Y., for defendant Stein.

*Opinion On Motions To Dismiss Indictment And To Suppress Evidence*

MOTLEY, District Judge.

Defendants Nicholas Forlano, Charles Rubin Stein and Ruby Lazarus, were indicted with three others on July 14, 1970 and charged in five counts with interstate transmission of wagering information (18 U.S.C. § 1084) ; interstate travel in aid of racketeering (18 U.S.C. § 1952) ; and conspiracy (18 U.S.C. § 371). (Indictment No. 70 Cr. 559.)

Forlano, Stein and Lazarus have moved to suppress certain wire interceptions and to dismiss the indictment which was based in part on the wiretap evidence. They claim that the interceptions were unlawful on the grounds that the statutes which the Government contends authorized the wiretaps, Title III of the Omnibus Crime Control and Streets Act of 1968, 18 U.S.C. §§ 2510–2520, and the New York Code of Criminal Procedure, §§ 814–824, are unconstitutional and that the eavesdropping was not conducted in conformity with the statutes. The motions are denied for the reasons stated below.

On July 17, 1969, Judge Lane of the New York State Supreme Court, New York County, authorized a wire interception pursuant to New York Code of Criminal Procedure, §§ 814–824, of telephones bearing the numbers 355–8857, 355–9307, 688–8070, 688–8071, 838–9665 and 754–9578. The order was based on affidavits of Alfred J. Scotti, Acting District Attorney, New York County, and Lawrence S. Goldman, assistant district attorney, New York County, alleging that the crimes of criminal usury and conspiracy to commit criminal usury were being committed or about to be committed by Stein, Forlano and Perry Alpirn on telephones bearing the above indicated numbers.

On July 30, 1969, Judge Lane amended the eavesdropping warrant to include another individual, Virgil Alessi, based on affidavits of Frank Hogan, district attorney, New York County, and Lawrence S. Goldman, assistant district attorney, New York County. Another amendment was approved by Judge Schweitzer on August 13, 1969, based on affidavits of Mr. Hogan and Joseph Phillips, assistant district attorney, to include another individual, Murray Zucker. Two additional violations of state statutes, promotion of gambling and conspiracy to promote gambling, were alleged.

Judge Schweitzer authorized a renewal of the wire interceptions for a period of 30 days based on affidavits of Mr. Hogan and Lawrence Hockheiser, an assistant district attorney. An additional 30 day renewal was authorized by Judge Schweitzer on September 19, 1969 based on affidavits of Mr. Hogan and Mr. Goldman. An additional individual, defendant Charles Karp, was named.

Prior to the expiration period of the latest renewal, interceptions were discontinued as to communications to and from all the above-indicated telephones except those bearing the numbers 355–8857 and 355–9307. On October 17, 1969, Judge Schweitzer authorized another 30 day renewal of wire intercep-

tions of communications to and from the telephones bearing the numbers 355–8857 and 355–9307 based on affidavits of Mr. Scotti and Mr. Goldman.

State law enforcement officials turned over some of the eavesdropping information to federal law enforcement officials.

I.  Title III provides in part:

The principal prosecuting attorney of any State, or the principal prosecuting attorney of any political subdivision thereof, if such attorney is authorized by a statute of that State to make application to a State court judge of competent jurisdiction for an order authorizing or approving the interception of wire or oral communications, may apply to such judge for, and such judge may grant in conformity with section 2518 of this chapter and with the applicable State statute an order authorizing, or approving the interception of wire or oral communications by investigative or law enforcement officers. . . . 18 U.S.C. § 2516(2).

A state prosecuting attorney, in short, can obtain authorization for electronic eavesdropping from a state court if he complies with the requirements of the applicable state statute as well as those of Title III.  It would follow that if Title III adequately protects a defendant's Fourth Amendment privacy interests, it is unnecessary for the court to consider the constitutionality of the state statute which, at any rate, is very similar to the federal statute.

■   The court holds that Title III is constitutional for the reasons set forth in United States v. Cox, 462 F.2d 1293, (8th Cir. 1972) and United States v. Escandar, 319 F.Supp. 295, 297–302 (S.D. Fla.1970).  See also United States v. Becker, 334 F.Supp. 546, (S.D.N.Y.1971) (Weinfeld, J.).

■   In addition to the reasons indicated in Cox, supra, and Escandar, supra, the court notes that the statute satisfies the requirement announced in Berger v. New York, 388 U.S. 41, 87 S.

Ct. 1873, 18 L.Ed.2d 1040 (1967), that it provide for notice or, in the alternative, ". . . some showing of special facts." Id. at 60, 87 S.Ct. 1873.  Of course, eavesdropping, more than the ordinary search, depends for its success upon secrecy.  See id.  Therefore, it seems clear that the statute can constitutionally permit eavesdropping to be authorized without requiring notice before the eavesdropping is completed so long as the statute requires a finding of exigent circumstances before the eavesdropping is authorized.  Title III does require such a showing.  See 18 U.S.C. § 2518(3)(c).  In addition, the statute requires that notice of the fact that wire or oral communications were or were not intercepted be served on the persons named in the application or order and on such other persons "as the judge may determine in his discretion that is in the interest of justice. . . ."  Section 2518(8)(d).

II.  Defendants Forlano, Stein and Lazarus also claim that, even if the federal and state statute were valid, the eavesdropping conducted by state officials was unlawful because it was not conducted in conformity with the state and federal statutes.

They claim that there was no probable cause to support the issuance of the first warrant, as required by 18 U.S.C. § 2518(3) and N.Y.Crim.Pro.L. § 700.-15(2).  They further claim that the New York statute only allows one extension of a wiretap order, that federal officials could not listen to the interceptions under 18 U.S.C. § 2510(4), and that defendant Stein was not given timely notice of the wiretaps as required by 18 U.S.C. § 2518(8)(d) and N.Y. Crim.P. § 700.50.

Defendant Lazarus further claims that because he was not named in any of the wiretap orders evidence as to him which was obtained as a result of the taps must be suppressed.

Finally, defendant Stein has challenged the validity of the first warrant on the ground that the affidavit upon

which it was based may have been perjured.

The court rejects these claims.

■ In United States v. Grant, 462 F.2d 28, (2d Cir. 1972), the Second Circuit rejected a claim that the first two warrants were not based on probable cause. This finding, of course, is binding on this court.

The *Grant* Court also rejected as frivolous a claim that only one extension was authorized by the statute.

■ This court rejects defendants' claim that 18 U.S.C. §§ 2510–2511 prohibited federal officials from listening to tapes of interceptions which state law enforcement officials had been authorized to make. Section 2517 provides in pertinent part:

(1) Any investigative or law enforcement officer who, by any means authorized by this chapter, has obtained knowledge of the contents of any wire or oral communication, or evidence derived therefrom, may disclose such contents to another investigative or law enforcement officer to the extent that such disclosure is appropriate to the proper performance of the official duties of the officer making or receiving the disclosure.

(2) Any investigative or law enforcement officer who, by any means authorized by this chapter, has obtained knowledge of the contents of any wire or oral communication . . may use such contents to the extent such use is appropriate to the proper performance of his official duties.

■ The New York statute contains a similar provision. N.Y.Crim.P.L. § 700.65. It is obvious that the statutes, by authorizing law enforcement officials to disclose contents of wire or oral communications to other law enforcement officials or to make other appropriate use of such contents, permit them to turn over tapes of such communications to other law enforcement officers when

appropriate to the proper performance of their official duties.

■ The Government concedes that one of the notices issued pursuant to 18 U.S.C. § 2518(8)(d) and N.Y.Crim.P.L. § 700.50 was served two days late. However, the delay was insubstantial. There is no claim that the delay in any way has prejudiced defendant's rights.

■ With respect to defendant Lazarus' claim, there is nothing in either the state or the federal statutes which suggests that evidence obtained from a wiretap which incriminates persons not named in an order must be suppressed. In any search, law enforcement officials may discover evidence which they did not anticipate. Such evidence is seizable under the "plain view" rule. "The doctrine serves to supplement the prior justification [for the search] . . . and permits the warrantless seizure." Coolidge v. New Hampshire, 403 U.S. 443, 466, 91 S.Ct. 2022, 2038, 29 L.Ed.2d 564 (1971) (plurality opinion).

In *Grant, supra* the Second Circuit found the same claim to be "without merit."

Finally, in his reply memorandum of law, submitted on November 20, 1972, defendant Stein requested a hearing ". . . to determine whether or not the facts alleged in the affidavit upon which the first warrant was based were perjurious. . . ."

■ However, no affidavit has been submitted alleging that the first warrant was based on perjured testimony and setting forth facts upon which the allegation rests. The court therefore denies Stein's request for a hearing on the issue of probable cause on the ground that he has failed to make a timely assertion of the facts necessary to warrant a hearing. The court does not reach the difficult question of whether a warrant based on perjured testimony or a perjured affidavit would thereby be rendered invalid.